UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JONATHAN CRAIG WREN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )      No. 2:15-cv-2320-JDT-cgc |
| | ) |
| CORRECTIONS CORPORATION | ) |
|   OF AMERICA, | ) |
| | ) |
|     Defendant. | ) |

ORDER DISMISSING AMENDED COMPLAINT,
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH,
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On May 13, 2015, Plaintiff Jonathan Craig Wren ("Wren"), an inmate at the Federal Correctional Institute Yazoo City in Yazoo City, Mississippi, filed a *pro se* complaint on the form used for commencing actions pursuant to 42 U.S.C. § 1983. (ECF No. 1.) After Wren submitted the necessary information, the Court issued an order on May 29, 2015, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5.) On March 24, 2016, the Court dismissed Wren's complaint and granted leave to amend. (ECF No. 14.) On April 26, 2016, the Court granted Wren's motion for extension of time to file amended complaint. (ECF Nos. 15 & 16.) On May 19, 2016, Wren filed an Amended Complaint.[1] (ECF No. 17.) The Clerk shall

---

[1] On May 20, 2016, Wren filed a Motion for Extension of Time to File. (ECF No. 18.) Because Wren filed the Motion to Amend prior to the Motion for Extension of Time, the Motion for Extension of Time is DENIED as moot.

record the defendant as Corrections Corporation of America ("CCA").[2] Wren's allegations concern his previous confinement while a federal pre-trial detainee in the custody of the U.S. Marshal at the West Tennessee Detention Facility ("WTDF") in Mason, Tennessee. Therefore, his claims will be construed as arising under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 (1974).

I. THE AMENDED COMPLAINT

In his complaint, Wren alleges that he is being discriminated against by the CCA facility and staff. (Compl. at 2, ECF No. 1.) Wren contends that he has been held in segregation since his arrival at WTDF, he has been lied to by staff, and denied access to his attorney – all of which, he contends, are against CCA policy. (*Id.*)

With regards to the claim of denial of access to the courts, Wren alleges that since October 21, 2014, he has filled out request forms for use of law books and the law computer, which resulted in a failure to receive assistance from the facility. (Amended Compl. at 2, ECF No. 17.) Wren filed a grievance on December 1, 2014, after being denied permission to call his attorney, after which he was allowed attorney calls only when Unit Manager Huggins was present. (*Id.* at 1-2, *see also* Ex. 1, ECF No. 17-1.) Additionally, on May 26, 2015, Wren submitted a request for law books and CCA policies. (*Id.* at 4, *see also* Exs 3-7, 4, ECF Nos. 17-3, 17-4, 17-5, & 17-6.) On June 8, 2015, Wren received a reply from Counselor Dodson, who is not a party to this complaint, stating that the material is on the law library computer, and then later was told that he needed to put in a request to use the computer. (*Id.*)

---

[2] The amended complaint also purports to sue unknown agents of CCA as a defendant. Service of process cannot be made on a fictitious party. The filing of a complaint against an "unknown" defendant does not toll the running of the statute of limitation against that party. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968).

Wren alleges that Officer/Fire and Safety Officer O'Neal, who is not a party to this complaint, insulted and verbally assaulted him in response to a request for a grievance form. (*Id.* at 2.)

On April 9, 2015, Wren filed grievance number 8186 concerning discrimination issues, access to the courts and equal access and privileges from CCA. (*Id.* at 2, *see also* Ex 2, ECF No. 17-2.) On April 27, 2015, Wren contends that he filed an appeal to grievance #8186, giving Case Manager Pierce, who is not a party to this complaint, the appeal along with pages he wanted attached to the appeal. (*Id.* at 2.) The following day Wren received the aforementioned grievance without an answer, response or decision of appeal. (*Id.* at 3) When he asked Case Manager Pierce about the appeal, Pierce advised him to staple the request for appeal to the grievance and turn in the grievance along with the request for appeal into Officer O'Neal for processing. (*Id.*)

On April 10, 2015, Wren was in a conference with Assistant Warden Hensley, Chief of Security Jones, Unit Manager Huggins, and Counselor Dodson, all of whom are not parties to this complaint, to address Wren's complaint regarding his being held in segregation as well as being held without "equal rights and access to the courts, his lawyer, and the law library at the facility." (*Id.* at 3.) Wren was informed that he was being held separate from Inmate Michael Smith; however, Wren was not released from segregation when Inmate Michael Smith left the facility. (*Id.*)

During the week of April 27, 2015, Wren observed a United States Marshal conducting an audit and asking Counselor Dodson about access to the law library. (*Id* at 3.) Counselor Dodson informed that her that all the inmates had to do was fill out a request for and send it to the law library for books. (*Id.* at 4.)

On May 15, 2015, while on rec call, he was confined to a single length chain with other inmates, during which time Inmate Taylor moved as close as he could to Wren and started masturbating. (*Id.*) Wren asked the recreation officer to remove Inmate Taylor from rec yard. (*Id.*) Inmate Taylor then stripped completely nude. (*Id.*) Even though Wren asked for Inmate Taylor to be immediately removed, he was not removed until the end of the rec call at which time the officers removing him thought the incident was funny. (*Id.*)

Wren seeks monetary damages in the amount of $5,000,000. (*Id*. at 6.))

## II. ANALYSIS

A.  Screening and Standard

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual

4

allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. As the Sixth Circuit has explained:

> Before the recent onslaught of *pro se* prisoner suits, the Supreme Court suggested that *pro se* complaints are to be held to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). Neither that Court nor other courts, however, have been willing to abrogate basic pleading essentials in *pro se* suits. *See, e.g., id.* at 521 (holding petitioner to standards of *Conley v. Gibson*); *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir.) (duty to be less stringent with *pro se* complaint does not require court to conjure up unplead allegations), *cert. denied*, 464 U.S. 986 (1983); *McDonald v. Hall*, 610 F.2d 16 (1st Cir.1979) (same); *Jarrell v. Tisch*, 656 F. Supp. 237 (D.D.C. 1987) (pro se plaintiffs should plead with requisite

specificity so as to give defendants notice); *Holsey v. Collins*, 90 F.R.D. 122 (D. Md. 1981) (even *pro se* litigants must meet some minimum standards).

*Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B.   § 1983 Claim

Wren filed his Amended Complaint pursuant to actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a

> declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Wren provides no additional claims or named defendants, but rather supplemented his complant with the attachment of grievances. Therefore, the amended complaint does not eradicate the reasons for dismissing the original complaint. The only defendant Wren has sued is still the CCA. The Supreme Court held in *Correctional Servs. Corp. v. Malesko*, 534 U. S. 61 (2001), that *Bivens* actions may not be maintained against corporate defendants. Accordingly, construing the amended complaint under *Bivens*, Wren fails to state a claim against Defendant CCA upon which relief may be granted.

### III. Appeal Issues

Pursuant to 28 U.S.C. §1915(a)(3), the Court must consider whether an appeal by Wren in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that an amended complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

IV.  Conclusion

The Court DISMISSES Wren's amended complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  It is also CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Wren would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Wren nevertheless appeals the dismissal of this case.  A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951.  *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b).  Therefore, Wren is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Wren, this is the first of one of his cases as frivolous or for failure to state a claim.  This "strike" shall take effect when judgment is entered.  *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                                              **s/James D. Todd**  
                                                              JAMES D. TODD  
                                                              UNITED STATES DISTRICT JUDGE